IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FOREMOST INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-cv-429-MEF |
| | ) | (WO – Do Not Publish) |
| | ) | |
| GARY LEONARD JOHNSON, III, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This cause comes before the Court on Plaintiff Foremost Insurance Company's ("Foremost") Motion for Entry of Order Granting Judgment in Favor of Plaintiff (Doc. #14), which this Court construes as a motion for a default judgment pursuant to Federal Rule of Civil Procedure Rule 55(b)(2).  In its Complaint for Declaratory Judgment, Foremost seeks a ruling that it owes no insurance coverage to Defendant Gary Leonard Johnson, III ("Johnson") for liability arising out of an accident that occurred on July 30, 2011, which involved an all-terrain vehicle that was owned by Johnson and was being operated by Johnson at the time of the accident.

Johnson was served by certified mail on May 19, 2012 (Doc. #5) but has failed to appear in this action or otherwise acknowledge the pendency of this lawsuit.  The Clerk of Court has already entered default against Johnson pursuant to Federal Rule of Civil Procedure 55(a), meaning that all well-pleaded factual allegations against Johnson have been deemed admitted.  *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298,

1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . .'" (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))).[1]   Therefore, the Court must accept the facts pleaded in Foremost's Complaint as true and determine whether they state a claim upon which relief may be granted.  *See Eagle Hosp. Physicians*, 561 F.3d at 1307 ("A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations." (quoting *Nishimatsu*, 515 F.2d at 1206)).

After thoroughly reviewing the pleadings and the relevant homeowner's insurance policy Foremost issued to Johnson, the Court concludes that Foremost has stated a valid claim for declaratory relief against Johnson.  Thus, Foremost is entitled to have default judgment entered in its favor.

Accordingly, it is hereby ORDERED that Foremost's Motion for Entry of Order Granting Judgment in Favor of Plaintiff (Doc. #14) is GRANTED.  Default judgment is hereby ENTERED in favor of Defendant Foremost Insurance Company on its Complaint for Declaratory Judgment (Doc. #1).

DONE this the 8th day of April, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

---

[1]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981.